United States District Court
Southern District of Texas

**ENTERED**

May 26, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EVER QUINTANA-TERRERO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-913 |
| | § | |
| MARKWAYNE MULLIN *et al.* | § | |

### ORDER STAYING CASE

Petitioner challenges their detention under 8 U.S.C. § 1225(b)(2) on constitutional grounds. Namely, Petitioner raises due process claims left unanswered by *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026). However, the Fifth Circuit is presently considering the issue on an expedited basis. *See Sosnava Rodriguez v. Ortega*, No. 1:26-cv-00273-RP, slip. op. at 3–7 (W.D. Tex. Feb. 25, 2026), *appeal pending*, No. 26-50183 (Mar. 6, 2026).

In light of *Sosnava Rodriguez*, the Court hereby *sua sponte* **STAYS** this habeas proceeding. *See Lighthouse Consulting Grp. v. Ally Fin.*, No. W-19-CV-00592-ADA, 2020 WL 6365538, at *1 (W.D. Tex. Mar. 25, 2020) ("A federal court has inherent power to stay, *sua sponte*, an action before it."); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The Court **FINDS** a stay preserves its resources and the parties' interests moving forward. *See Lighthouse Consulting*, 2020 WL 6365538, at *1 (courts weigh competing interests in deciding whether to enter a stay).[1]

The parties are **ORDERED** to file a joint advisory within **three (3) days** of the

---

[1] The Court notes it previously decided a due process claim in *Kanda v. Cole*, – F. Supp. 3d. –, No. 5:26-cv-158, 2026 WL 1014400, at *1 (S.D. Tex. Apr. 10, 2026). Given the interests at stake, the Court finds a stay is the proper course of action going forward.

1

Fifth Circuit's decision in *Sosnava Rodriguez*. The advisory must summarize any developments in *Sosnava Rodriguez* and state how the parties wish to proceed.

Pursuant to the Memorandum of Understanding dated January 29, 2026, the Court **FOREGOES** mail service. The Clerk of Court is **DIRECTED** to electronically serve the Petition for Writ of Habeas Corpus (Dkt. No. 1), and this Order on Southern District of Texas Civil Chief Daniel Hu at USATXS.CivilNotice@usdoj.gov.

Such service does not substitute for the requirements of formal service but is instead intended only to provide Respondents notice and an opportunity to be heard at this initial juncture. **<u>Petitioner is directed to serve Respondents in accordance with Rule 4(i) of the Federal Rules of Civil Procedure and include a copy of this Order with that service.</u>**

Finally, Respondents will not be served further notice of activity on this docket. Instead, they must arrange to monitor the docket themselves, either by automatic electronic service or otherwise.

The Clerk of Court is also **DIRECTED** to serve a copy of this Order on Ever Quintana-Terrero via United States mail at:

Ever Quintana-Terrero
A-Number: 220-568-205
Rio Grande Detention Center
1001 San Rio Boulevard
Laredo, Texas 78046

It is so **ORDERED**.

**SIGNED** May 26, 2026.

Marina Garcia Marmolejo
United States District Judge

2